IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADEEN JONES     CV-04-6004-KI

        Plaintiff,     OPINION AND ORDER

   v.

JO ANNE B. BARNHART, Commissioner of
Social Security,

               Defendant.

ALAN STUART GRAF
AMY VAN HORN
1020 S.W. Taylor St., Ste 230
Portland, OR 97205

    Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
District of Oregon
CRAIG J. CASEY
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600

1 - ORDER AND OPINION

Portland, OR 97204-2902

TERRYE E. SHEA
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

KING, Judge:

## BACKGROUND

Plaintiff, Adeen Jones (Jones), brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). 42 U.S.C. §§ 401-434. The court has jurisdiction under 42 U.S.C. § 405(g).

Jones was 33 years old at the time of her alleged disability onset date. She has a high school education and an Associates Degree from Umpqua Community College. Her past employment includes work as a delicatessen and coffee shop waitress; septic tank system manufacturing worker; care provider; cleaning service worker; co-owner/operator/dispatcher of a logging truck company; carpenter's apprentice; cement curber; fast food worker; and, flagger for a paving company.

In order to be eligible for DIB under Title II of the Act, a claimant must establish disability within the meaning of the Act on or before her date last insured. See Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998). Jones's date last insured is December 31, 2005. Tr. 122. Jones alleges disability beginning June 16, 2000, due to rheumatoid arthritis, stress, depression, anxiety, insomnia, migraine headaches, and muscle spasms that caused pain, stiffness and

swelling in her feet and knees. Tr. 112, 125, 134. Additionally, Jones alleges decreased concentration due to side effects from her medication. Tr. 125.

The Commissioner concedes that her decision must be reversed, and moves this court to remand for further proceedings. Jones opposes additional proceedings and seeks a remand for an immediate award of benefits. For the reasons stated below, the Commissioner's motion is GRANTED and this matter is REMANDED to the Commissioner for further administrative proceedings.

## STANDARD OF REVIEW

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert denied, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The

Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

Here, at step one the ALJ found that Jones had not engaged in substantial gainful activity at any time since her alleged onset of disability date. Tr. 24; see 20 C.F.R. § 404.1520(b).

At step two, the ALJ found Jones' musculoskeletal/rheumatoid impairments were severe, within the meaning of the Act. Tr. 24; see 20 C.F.R. § 404.1520(c). However, the ALJ found Jones did not suffer from a severe psychological impairments. Tr. 24.

At step three, the ALJ found Jones' impairments did not meet or equal the criteria of any impairment, codified at 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments), considered so severe as to automatically constitute a disability. Tr. 24; see 20 C.F.R. § 404.1520(d).

The ALJ assessed Jones with the residual functional capacity (RFC) to perform a reduced range of light and sedentary work. Tr. 24; see 20 C.F.R. § 404.1545(a); see also Social Security Ruling (SSR) 96-8p. The ALJ limited Jones to standing and walking no more than two hours in

an eight-hour workday, no repetitive fine motor work activity; no exposure to extremes of cold/hot temperatures; no climbing of ropes, ladders, and scaffolds; only occasional stair climbing and crouching. Tr. 24.

At step four, the ALJ found Jones could still perform her past relevant work as a dispatcher. Tr. 24; see 20 C.F.R. § 404.1520(e).

At step five, the ALJ found in the alternative, that Jones could also perform other work existing in significant numbers in the national economy, including surveillance system operator and ticket taker. Tr. 24; see 20 C.F.R. § 404.1520(f); see also 20 C.F.R. § 404.1566.

## DISCUSSION

The Commissioner concedes that the ALJ failed to properly address acceptable medical source opinions, and that his assessment of Jones' past relevant work (PRW) was incomplete. According to the Commissioner, remand for further proceedings is necessary to permit the ALJ to reevaluate all relevant evidence, consider new evidence submitted to the Appeals Council, and reevaluate Jones' RFC.

Jones, in turn, urges the court to remand for an immediate award of benefits. She contends the ALJ erred at every step of the sequential evaluation except step one, and should not be given a second chance to get it right.

I. **Jones' Credibility**

A disability claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms she alleges. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Once she has done so, and assuming there is no evidence of malingering, the ALJ can only reject her subjective claims for

clear and convincing reasons, supported by substantial record evidence. See Morgan v. Apfel, 169 F.3d 595, 599 (9th Cir. 1999). Examples of clear and convincing reasons include: (1) claimant's reputation for dishonesty, prior inconsistent statements concerning her symptoms, and other testimony by the claimant that appears to be less than candid; (2) unexpected or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) medical evidence tending to discount the severity of the claimant's subjective claims; and (4) inconsistency between the claimant's daily activities and the degree of disability she alleges. See Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ found Jones' reporting testimony was less than fully credible. Tr. 24. His reasons included: (1) inconsistency between Jones' testimony that her last illegal drug use was in 1996, and chart notes indicating occasional drug use as recent as May, 2001; (2) activities of daily living inconsistent with the degree of disability alleged; (3) three-month employment at a deli after her alleged onset of disability; and, (4) a non-examining physicians' opinion that Jones' allegations are not supported by objective medical evidence. Tr. 22-23.

Jones takes issue with each of the ALJ's reasons for questioning her credibility. First, she argues it was error for the ALJ to consider her work at the deli as an adverse credibility factor because she worked there only three months before her impairments forced her to quit. The Commissioner concedes the ALJ may have overlooked a statement from her employer at the deli, substantiating Jones' claim. Tr. 177-78. I agree that the employer's statement is a relevant lay witness statement, and should be considered on remand.

Second, Jones alleges she has been open about her past drug use to doctors, and to the ALJ. She contends the ALJ mischaracterized her statements at the hearing on this topic. The Commissioner contends the ALJ correctly determined that Jones was less than fully candid at the hearing about her drug use. In response to the ALJ's inquiry about Jones' prior drug use and criminal record, Jones told the ALJ the 1999 charges of delivering, manufacturing, and possession of methamphetamine were dropped because it was discovered that she was "at the wrong place at the wrong time" but was not involved in the crime. Tr. 62. When pressed about her methamphetamine use she said her last use was "seven or eight years ago" (the hearing was held December 11, 2002) before she starting working for a company called Orinco. Tr. 62. The ALJ then asked:

> Q: Okay. And nothing since the last seven or eight years or before seven or eight years before you started at Orinco? I'm sorry.
>
> A: When I got the job at Orinco they – – I had a UA.
>
> Q: Um-hum.
>
> A: And due to insurance and things like that and due to having a good job, I was clean.
>
> Q: Okay. So you started Orinco if I'm not mistaken in September of '96 and you were clean prior to that you say?
>
> A: No. It was prior to that – –
>
> Q: To that.
>
> A: – – that I had used.
>
> Q: Okay.
>
> A: When I got –
>
> Q: So at least from 1996 on?

A: Yes.

Tr. 63. Contrary to Jones' contention in her pleadings, I concur with the ALJ's finding that Jones testified she did not use drugs since 1996, not that she occasionally snuffs drugs, but discontinued intravenous drug use in 1996. Therefore, the ALJ properly considered evidence in the medical record placing Jones' last drug use as recent as May, 2001, as adverse to Jones' credibility. Tr. 257 (noting "occasional" use of amphetamines).

Third, the parties agree Jones' activities of daily living are not necessarily inconsistent with her claimed limitations. This reason should not be used to discredit Jones' credibility on remand.

Finally, Jones argues the ALJ should not have deferred to the opinion of Gary E. Wheeler, M.D., who concluded that Jones' complaints were disproportionate to objective medical findings. Tr. 23. According to Jones, Dr. Wheeler's opinion, formulated after a one-time examination, is inconsistent with her treating physicians' opinions and the medical records supporting them. The Commissioner acknowledges that the ALJ did not properly address the opinions of treating physicians Hudson and McCullough, as discussed below. Therefore, on remand, the ALJ should reconsider whether objective medical evidence supports or detracts from Jones' allegations.

## II. Medical Evidence

### A. Treating Physicians Opinions

Jones contends, and the Commissioner concedes, that the ALJ failed to properly address two of Jones' treating physicians' opinions. The ALJ is responsible for resolving conflicts and

ambiguities in medical evidence. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 1999). The ALJ is not bound by a physician's opinion of a claimant's disability or employability, because these are issues reserved to the Commissioner. See 20 C.F.R. § 404.1527(e); SSR 96-5p. The relative weight afforded the opinion of a physician depends upon his or her opportunity to observe and to get to know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion is given the least relative weight. Id.; see also Smolen, 80 F.3d at 1285.

The ALJ must provide "clear and convincing reasons," supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician when it is not contradicted by another doctor. See Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999). If a treating physician's opinion is contradicted by another doctor, the Commissioner may reject it by providing "specific and legitimate reasons" supported by substantial evidence in the record. Id. at 600-601.

N. Paul Hudson, M.D., treated Jones for rheumatoid arthritis. The ALJ noted that Dr. Hudson diagnosed Jones with probable rheumatoid disease in May, 2001. Tr. 258. He also noted Dr. Hudson's assessment, on a disability worksheet dated January 21, 2002, that Jones was "unable to stand, walk, or do repetitive hand activities for more than 3-4 hours / day." Tr. 21, 306. However, the ALJ did not comment on Dr. Hudson's other statement from January 21, 2002, contained on a separate disability worksheet, that Jones has been disabled from May, 2000, until "present" due to rheumatoid arthritis. Tr. 253. Notably, this statement is in the form of an

9 - ORDER AND OPINION

administrative finding, not a proper medical source opinion. Therefore, on remand, the ALJ need not accord it much weight. See 20 C.F.R. § 416.927(e)(1).

L. Lee McCullough, M.D., also treated Jones' arthritis pain, and other problems. In a chart note dated May 21, 2002, he wrote, ". . . I really do believe that [Jones] is unemployable for the next 120 days, until we have some assurance that this flare [sic] is suppressed and she is considerably more functional." Tr. 275. Though he commented on Dr. McCullough's notations regarding Jones' drug use, the ALJ did not address his May, 2002, opinion. Although Dr. McCullough's statement also expresses an opinion about Jones' employability, it is perhaps more probative of disability than Dr. Hudson's statement, because it indicates Dr. McCullough expected Jones' arthritis flare-up to last about 120 days. Therefore, the ALJ should re-evaluate the evidence on remand.

**B.     Step Two**

Jones seems to argue that the ALJ erred by failing to find, at step two of the sequential evaluation, that her obesity and depression were severe impairments, in addition to arthritis. Though Jones did not allege obesity as an impairment, in her pleadings she contends that "obesity compounds the pain and fatigue [Jones] feels due to her rheumatoid arthritis, and the ALJ erred by failing to consider the effects of her obesity on her ability to work."

According to SSR 02-1p, obesity will only be considered a "severe" impairment when, "alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." Therefore, the ALJ will not find obesity to be a "severe" impairment if it is a "slight abnormality.

. .that has no more than a minimal effect on the individual's ability to do basic work activities . . .". Id.

In the instant case, while Jones' medical record contains references to her obesity, the record does not indicate that her obesity exacerbated her arthritis, or caused any work-related limitations. Therefore, the ALJ did not err by not finding Jones' obesity to be a severe impairment.

Jones alleged psychological impairments of depression and anxiety. The ALJ concluded that the medial evidence did not substantiate this claim. Tr. 20-21. He noted that Jones had neither been referred to a mental health facility, nor sought mental health treatment on her own. Tr. 20. The ALJ wrote, "the overall evidence of record does not indicate that the claimant's work capacities are more than minimally affected by ongoing psychological impairments." Tr. 21. Notably, at the hearing, Jones' attorney asked her if "depression or any emotional problems interfere with [her] ability to work" and she replied, "no." Tr. 79.

Jones submitted a psychological evaluation dated April 16, 2003, to the Appeals Council. It is not clear why Jones could not have solicited and submitted this evidence to the ALJ during the pendency of her case, or that it would change the outcome of the ALJ's determination on remand. See 42 U.S.C. § 405(g); see Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). However, I will defer to the Commissioner's judgment that the ALJ should be afforded an opportunity to review the report on remand.

### III.   Steps Four and Five

The ALJ's assessment of Jones' RFC is undermined by the errors herein discussed. Consequently, the ALJ's hypothetical question to the VE, and the ALJ's adoption of the VE's

testimony were also in error.  See Embrey v. Bowen, 849 F.2d 418, 422-423 (9th Cir. 1988).  Accordingly, on remand the ALJ should reassess Jones' RFC, and re-consult a vocational expert (VE) if necessarily.

The ALJ found Jones could perform her past relevant work as a dispatcher, even though she never worked strictly as a dispatcher.  Dispatching trucks via radio was just one of her job duties when she owned and operated a trucking business in 1991-1992.  Tr. 51.  The Commissioner seems to concede that, for step four purposes, only jobs performed on a full-time basis, rising to the level of substantial gainful activity (SGA), can be considered.  See 20 C.F.R. § 416.974(b)(2)(B).  Therefore, on remand, the job of dispatcher, cataloged as 239.367-014 in the Dictionary of Occupational Titles, is not to be considered past relevant work for Jones.  Tr. 85.

## CONCLUSION

Based on the foregoing, the Commissioner's final decision is REMANDED, in part, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this  2nd  day of June, 2005.

 /s/ Garr M. King  
Garr King  
United States District Court Judge